UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHARON M. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-99 |
| | ) |
| PURDUE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Amended Renewed Motion to Allow Plaintiff to Conduct Limited Discovery Necessary to Respond to Defendant's Motion for Summary Judgment [DE 49] filed by the plaintiff, Sharon M. Miller, on November 15, 2019.  For the following reasons, the motion is **DENIED.**

*Background*

The plaintiff, Sharon M. Miller, initiated this matter *pro se* on December 20, 2018.  She filed an amended complaint on December 27, 2018.  Miller has brought this action against the defendant, Purdue University, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.

At the Rule 16 Preliminary Pretrial Conference held on April 26, 2019, the parties agreed that a settlement conference would be productive if Miller was represented by an attorney.  The court appointed Attorney Christopher P. Phillips for the limited purpose of assisting Miller at the settlement conference.  A settlement conference was held on July 18, 2019, but the case did not settle.  Attorney Phillips withdrew his appearance on July 31, 2019.

On July 31, 2019, the court set deadlines that all discovery be completed by September 30, 2019, and the filing of any motion for summary judgment was due October 31, 2019. On September 10, 2019, Attorney Phillips reentered his appearance on behalf of Miller and filed a motion requesting additional time to complete discovery. The court denied the motion without prejudice indicating that after Purdue filed its motion for summary judgment the court would reconsider opening discovery limited solely to what was needed to respond to the motion for summary judgment, as permitted by Federal Rule of Civil Procedure 56(d).

Purdue filed the Motion for Summary Judgment and Designation of Evidence [DE 45] on November 7, 2019. Thereafter on November 13, 2019, Miller filed the Renewed Motion to Allow Plaintiff to Conduct Limited Discovery Necessary to Respond to Defendant's Motion for Summary Judgment [DE 47]. The court denied the renewed motion without prejudice for failing to comply with Federal Rule of Civil Procedure 56(d) and indicated that Miller needed to identify with specificity what evidence she would obtain from discovery.

Miller has filed the instant amended renewed motion requesting that the court allow her to conduct limited discovery necessary to respond to Purdue's motion for summary judgment. Purdue filed a response in opposition on December 3, 2019, and Miller filed a reply on December 13, 2019.

*Discussion*

"If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." **Federal Rule of Civil Procedure 56(d).**

Pursuant to Rule 56(d), a party must make a good faith showing that it cannot respond to

the movant's affidavit.  *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1058 n. 5 (7th Cir. 2000).  The non-movant's affidavit must specifically identify the material facts that the non-movant anticipates discovering.  *See* **Grundstad v. Ritt**, 166 F.3d 867, 873 (7th Cir. 1999) (finding vague assertions that discovery would develop genuine issues of material fact insufficient to grant continuance).  The party opposing summary judgment must do more than request a "fishing expedition" for finding evidence sufficient to establish a genuine issue of material fact.  ***Cima v. WellPoint Health Networks, Inc.***, 556 F. Supp. 2d 901, 905 (S.D. Ill. 2008) (citing ***Davis v. G.N. Mortgage Corp.***, 396 F.3d 869, 885 (7th Cir. 2005)).

      Miller has requested that the court allow her to conduct limited discovery necessary to respond to Purdue's pending motion for summary judgment.  Miller has indicated that the discovery to be conducted would be the depositions of approximately five (5) to eight (8) people and limited discovery requests by way of interrogatories and request for production.  She asserts that the depositions and limited written discovery would show that there was a plan to discriminate against her interests and promotions, and that there was an organized scheme to retaliate against her for this claim and prior similar reports to the EEOC.  Miller did not specify which individual's testimony she needed but stated that she believed "each deponent will testify in the affirmative regarding [Miller's] claims."  (Plaintiff's Reply ¶ 3).

      Purdue has argued that Miller's motion has failed to comply with Rule 56(d).  Purdue contends that Miller did not submit an affidavit or declaration specifically identifying the material facts she anticipates from discovery.  Next, Purdue contends that Miller did not aver that she will discover facts that create triable issues.  Finally, Purdue contends that Miller did not state why certain facts are otherwise unavailable to Miller.  Furthermore, Purdue indicates that Miller's requested discovery is not necessary because the first three issues presented in the

3

pending motion for summary judgment involve issues of law.  Purdue also has indicated that discovery is not necessary on the legal issues relating to Miller's retaliation claim.

This court recognizes that "Rule 56 does not require that discovery take place in all cases before summary judgment can be granted.  In fact, the Seventh Circuit has noted that 'the fact that discovery is not complete – indeed has not begun – need not defeat a motion for summary judgment.'"  ***Waterloo Furniture Components, Ltd. v. Haworth, Inc.***, 467 F.3d 641, 648 (7th Cir. 2006) (quoting ***Am. Nurses' Ass'n. v. Ill.***, 783 F.2d 716, 729 (7th Cir. 1986)) (internal citations and brackets omitted).  A Rule 56(d) motion must set forth specific evidence that might be obtained from further discovery and how it would create a genuine issue as to a specific material fact.  ***Davis v. G.N. Mortg. Corp.***, 396 F.3d 869, 885 (7th Cir. 2005).  Rule 56(d) is not meant to allow a party to block summary judgment simply by offering generalities about the need for further discovery.  ***Woods v. City of Chicago*** , 234 F.3d 979, 990-91 (7th Cir. 2001).

Miller has not indicated how the limited discovery would create a genuine issue of material fact.  She has not identified what specific evidence she would elicit from discovery.  In fact, Miller did not indicate who she intends to depose or what specific evidence she seeks to obtain.  Rather, she makes a broad assertion about what she will derive from depositions and written discovery and that there was a scheme and/or plan to discriminate and to retaliate against her.  Accordingly, the court finds that allowing extra time for Miller to conduct limited discovery is not necessary.

Based on the foregoing reasons, the Amended Renewed Motion to Allow Plaintiff to Conduct Limited Discovery Necessary to Respond to Defendant's Motion for Summary Judgment [DE 49] is **DENIED.**  The plaintiff's response to the defendant's Motion for Summary Judgment is due on **March 13, 2020.**

ENTERED this 14th day of February, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge