UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
LAFAYETTE DIVISION

| | |
|---|---|
| SHARON M. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-99 |
| | ) |
| PURDUE UNIVERSITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Summary Judgment and Designation of Evidence [DE 45] filed by the defendant, Purdue University, on November 7, 2019. For the following reasons, the motion is **GRANTED**.

*Background*

The plaintiff, Sharon M. Miller, initiated this matter on December 20, 2018. She filed an amended complaint on December 27, 2018. Miller has brought this action against the defendant, Purdue University, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. She has alleged that Purdue discriminated against her because of her sex and retaliated against her for engaging in protected activity.

Miller has worked at the Wade Utility Plant (Plant) since 1998. She was an Instrument and Controls (I&E) Technician Level VIII until 2018 when she was promoted to Maintenance Crew Chief Level IX. Prior to the promotion, Miller applied for three other promotions at the Plant, including I/E & CEMS Coordinator, Crew Chief Power Plant Maintenance IX, and Utilities Engineer Specialist. Instead of promoting Miller, Purdue hired three men, David Meyer, Vance Myers, and Chris Cirone, for the positions.

On June 24, 2018, Miller filed a charge of discrimination with the EEOC. Specifically, the three allegations in Miller's EEOC charge involve Purdue's failure to promote her to the Coordinator, Crew Chief, and Utilities Engineer positions. She alleged that, despite being qualified for the positions, Purdue hired male employees with less experience and less qualifications. Miller further alleged that Purdue retaliated against her for engaging in protected activity. On September 21, 2018, Miller received a right to sue letter.

Purdue has moved for summary judgment on all claims alleged against it in the amended complaint. Purdue asserts Miller's discrimination claim fails because she cannot establish a *prima facie* case or pretext. Furthermore, Miller included several other allegations of sex discrimination in her amended complaint. Purdue asserts that these additional allegations of discrimination fail because Miller did not include them in the June 24, 2018 EEOC charge. Finally, Purdue contends that Miller's retaliation claim fails as a matter of law. Miller filed a response in opposition on March 12, 2020. Purdue filed a reply on March 26, 2020.

*Discussion*

Pursuant to **Federal Rule of Civil Procedure 56(a)**, summary judgment is proper only if it is demonstrated that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); **Garofalo v. Vill. of Hazel Crest**, 754 F.3d 428, 430 (7th Cir. 2014); **Kidwell v. Eisenhauer**, 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson**, 569 F.3d 779, 786 (7th Cir. 2009). A fact is material if it is outcome determinative under applicable law. The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Co.**, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed. 2d 142,

2

155 (1970); *Stephens*, 569 F.3d at 786.

When the movant has met its burden, the opposing party cannot rely solely on the allegations in her pleadings but must "point to evidence that can be put in admissible form at trial, and that, if believed by the fact-finder, could support judgment in [her] favor." *Marr v. Bank of America, N.A.*, 662 F.3d 963, 966 (7th Cir. 2011); *see also* *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events.")). The non-moving party cannot rely on conclusory allegations. *Smith v. Shawnee Library System*, 60 F.3d 317, 320 (7th Cir. 1995). Failure to prove an essential element of the alleged activity will render other facts immaterial. *Celotex*, 477 U.S. at 323; *Filippo v. Lee Publications, Inc.*, 485 F. Supp. 2d 969, 972 (N.D. Ind. 2007) (the non-moving party "must do more than raise some metaphysical doubt as to the material facts; she must come forward with specific facts showing a genuine issue for trial.").

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202, 212 (1986); *McDowell v. Vill. of Lansing*, 763 F.3d 762, 764, 765 (7th Cir. 2014). The trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial. *Anderson*, 477 U.S. at 248; *Cung Hnin v. Toa, LLC*, 751 F.3d 499, 504 (7th Cir. 2014); *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008).

Miller filed a charge of discrimination against Purdue with the EEOC on June 24, 2018.

She alleged that because of her sex she was passed up for promotions as Coordinator, Crew Chief, and Utilities Engineer by less qualified men. The EEOC sent Miller a right to sue letter on September 21, 2018. Purdue contends that the scope of Miller's amended complaint exceeds the scope of her complaints to the EEOC. Purdue has indicated that in the amended complaint Miller included at least nineteen additional allegations of discrimination and retaliation that were not included in her EEOC charge.

Under Title VII, it is unlawful for an employer "to…refuse to hire…any individual, or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's…sex." **42 U.S.C. § 2000(e)-2(a)(1).** It is also unlawful "to limit, segregate, or classify…applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's…sex." **42 U.S.C. § 2000(e)-2(a)(2).**

Before filing a Title VII lawsuit, a plaintiff must exhaust her administrative remedies by filing a charge with the EEOC. ***Chaiz v. Ford Motor Co.***, 937 F.3d 998, 1004 (7th Cir. 2019). The EEOC also must issue a right to sue letter prior to the plaintiff bringing a Title VII action. ***Chaiz***, 937 F.3d at 1004. In Indiana, a plaintiff must file her EEOC charge within 300 days of the allegedly discriminatory employer conduct. ***Adams v. City of Indianapolis***, 742 F.3d 720, 729 (7th Cir. 2014).

A subsequent lawsuit can pertain only to claims brought in the EEOC charge or those that are "like or reasonably related to the allegations of the charge." ***Geldon v. S. Milwaukee Sch. Dist.***, 414 F.3d 817, 819 (7th Cir. 2005). The related claim in the complaint must "reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." ***Cheek v. W. &***

*S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  At a minimum, a reasonably related claim in a complaint must include the same individuals and the same conduct found in the EEOC charge. *Cheek*, 31 F.3d at 500.

Purdue has argued that Miller's allegations that occurred outside of the EEOC statutory period are time barred.  Both parties have agreed that the 300-day statutory period began on August 28, 2017.  Thus, any actions that occurred prior to August 28, 2017 are time barred because Miller did not timely exhaust her administrative remedies under Title VII.

Miller asserts that "any of [her] claims that would fall within the statutory period of 300 days of her EEOC charge would be live and valid, so long as they implicated the same individuals who were denying her hiring/promotion." (DE 55, page 8).  Miller has not designated any evidence that the additional claims involve the same conduct and implicate the same individuals found in the EEOC charge.  Moreover, Miller's EEOC charge alleged three specific claims of discrimination relating to three promotions and a general claim of retaliation. "An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination." *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992); *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 530 (7th Cir. 2003) (plaintiff's allegations of discrimination were not reasonably related to her charge where the charge referenced three specific instances of discriminatory conduct and contained no general allegations).  Accordingly, Miller's actionable claims are limited to the three distinct allegations of sex discrimination and retaliation that were contained in the EEOC charge.

Miller has argued that she was discriminated against based on her sex when Purdue failed to promote her to Coordinator, Crew Chief, and Utilities Engineer.  She contends that the

5

individuals who were selected for the positions were less qualified than her, or in the alternative, similarly qualified.  Purdue claims that Miller cannot establish a *prima facie* case of discrimination because the individuals selected for the positions were more qualified than Miller.  Furthermore, Purdue claims that it had legitimate and non-discriminatory reasons for hiring those individuals.  Purdue contends that Miller has not designated any evidence for a reasonable factfinder to conclude that it discriminated against Miller because of her sex or pretext for gender bias.

The Seventh Circuit has clarified that "*all* discrimination cases present the same basic inquiry:  At the summary-judgment stage, the proper question is 'whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's … sex … caused the [plaintiff's] discharge or other adverse employment action.'"  **Ferrill v. Oak Creek-Franklin Joint Sch. Dist.**, 860 F.3d 494, 499 (7th Cir. 2017) (citing **Ortiz v. Werner Enters., Inc.**, 834 F.3d 760, 765 (7th Cir. 2016)) (emphasis and alterations in original).  To evaluate Miller's discrimination claim, the court looks at whether the evidence would permit a reasonable factfinder to conclude that sex discrimination caused the adverse employment action—here, the failure to hire/promote.  *Ortiz*, 834 F.3d at 765.

Miller has not designated any direct evidence that she was not promoted because of her sex.  Therefore, Miller has relied on the *McDonnell Douglas* burden-shifting test to establish her claims of sex discrimination.  In order to establish a *prima facie* case, Miller must show that:  (1) she is a member of a protected class; (2) she applied for and was qualified for the position sought; (3) she was rejected for the position; and (4) the employer promoted someone outside of the protected class who was not better qualified for the position.  *See* **Riley v. Elkhart Cmty. Sch.**, 829 F.3d 886, 892 (7th Cir. 2016) (citing **Jaburek v. Foxx**, 813 F.3d 626, 631 (7th Cir.

6

2016)).  If there is sufficient evidence from which a jury could find a *prima facie* case of discrimination, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for hiring the other individuals over the plaintiff.  ***Riley***, 829 F.3d at 891.  Then the burden shifts back to the plaintiff to produce evidence that the defendant's proffered reason was pretextual.  ***Riley***, 829 F.3d at 892.  Because the *prima facie* and pretext inquiry often overlap, if a defendant offers a non-discriminatory reason for its actions, the court can proceed directly to the pretext inquiry.  *See* ***Scruggs v. Garst Seed Co.***, 587 F.3d 832, 838 (7th Cir. 2009).

      Purdue has put forth legitimate, non-discriminatory reasons for hiring David Meyer, Vance Myers, and Chris Cirone over Miller.  James Carson attested that Purdue hired David Meyer for the Coordinator position because he was more qualified than Miller.  (Designation B, Aff. of James Carson ¶11).  Purdue has indicated that the Coordinator position required someone who was not only familiar with complex instrumentation and controls, but who also was able to communicate maintenance and repair needs and solutions.  (Designation B, Aff. of Carson ¶6).  Meyer possessed more varied instrumentation and control experience than Miller.  (Designation B, Aff. Carson ¶9).  Also, Meyer worked more than a decade in Purdue's Schools of Mechanical and Materials Engineering, working and training staff and graduate students on the safe operation and maintenance and repairs of instrumentation and equipment.  (Designation B, Aff. Carson ¶10).  Carson attested that Miller was not selected as the most qualified candidate for the Coordinator position because she did not have experience with engineering systems or staff and graduate students who work with engineering systems.  (Designation B, Aff. Carson ¶¶7, 8).

      Next, Christian Arihood attested that Purdue hired Vance Myers for the Crew Chief position over Miller because he had three years of experience assigning work to others, leading

morning job briefings, and overseeing work.  (Designation C, Aff. of Christian Arihood ¶7).  Additionally, Myers possessed nearly 26 years of industrial maintenance experience.  (Designation C, Aff. of Arihood ¶7).  Miller was offered an interview for the Crew Chief position.  (Designation C, Aff. of Arihood ¶6).  However, Purdue found that Myers was a more qualified candidate than Miller for the Crew Chief position.  (Designation C, Aff. of Arihood ¶8).

Finally, Carson attested that Purdue hired Chris Cirone over Miller because she was not qualified for the Utilities Engineering position.  (Designation B, Aff. Carson ¶19).  To establish the second element of her *prima facie* case, Miller must show that she was qualified for the Engineering position.  However, she did not possess the minimum requirements of a bachelor's degree in engineering and did not have the preferred professional engineer license.  (Designation B, Aff. Carson ¶15).  It was undisputed that Miller did not have an engineering degree.  (Designation A, Miller Dep. 10:19-23, Ex. 4).  Cirone possessed the required and preferred engineer qualifications, including a bachelors and a master's degree in engineering.  (Designation B, Aff. Carson ¶18).  Thus, Miller was not qualified for the Engineering position and did not receive an interview.  (Designation B, Aff. Carson ¶¶14, 19).

Miller has argued that Purdue has offered pretextual reasons for not selecting her for the Coordinator, Crew Chief, and Engineer positions.  She contends that in comparison to Meyer, Myers, and Cirone she was similarly or more qualified for the positions.  However, this is not the substantial gap in credentials that supports an inference of pretext.  *See* **Hudson v. Chi. Transit Auth.**, 375 F.3d 552, 562 (7th Cir. 2004) (quoting **Millbrook v. IBP, Inc.**, 280 F.3d 1169, 1179 (7th Cir. 2002)) ("[A] gap in credentials between the plaintiff and the person who received the promotion must be so substantial as to "slap you in the face.").  Miller has relied on her

subjective belief that she was equally or better qualified for the positions. An employee's own subjective belief that she is as qualified or more qualified than another applicant is insufficient. *Nichols v. Southern Ill. Univ.-Edwardsville*, 510 F.3d 772, 784 (7th Cir. 2007). The Seventh Circuit "repeatedly stated ... that plaintiffs must offer more than mere self-serving appraisals." *Dunn v. Nordstrom, Inc.*, 260 F.3d 778, 787 (7th Cir.2 001) (stating that the plaintiff "must present more than his own, subjective self-appraisal to create a genuine issue of fact"). The plaintiff's qualifications alone do not establish evidence of pretext. *Millbrook*, 280 F.3d at 1180. The court cannot say that the competing qualifications are so favorable to Miller that there is no dispute that she clearly was better qualified for the position.

Furthermore, Miller has failed to "identify such weaknesses, implausibilities, inconsistencies, or contradictions" in Purdue's stated reason for hiring Meyer, Myers, and Cirone over her "that a reasonable person could find [it] unworthy of credence." *Harper v. C.R. England, Inc.*, 687 F.3d 297, 311 (7th Cir. 2012) (alteration in original) (quoting *Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 792 (7th Cir. 2007)); *see Argyropoulos v. City of Alton*, 539 F.3d 724, 736 (7th Cir. 2008) (In "assessing a plaintiff's claim that an employer's explanation is pretextual, we do not ... 'second-guess[ ] an employer's facially legitimate business decision[ ].'") (quoting *Culver v. Gorman & Co.*, 416 F.3d 540, 547 (7th Cir. 2005)). The evidence does not support a reasonable inference that Purdue lied when it explained its rationale for selecting Meyer, Myers, and Cirone over Miller.

Miller has not designated any evidence for a reasonable factfinder to conclude that Purdue's hiring decisions were governed by pretext, which is not "just faulty reasoning or mistaken judgment on the part of the employer; it is [a] 'lie, specifically a phony reason for some action.'" *Argyropoulos*, 539 F.3d at 736 (quoting *Sublett v. John Wiley & Sons, Inc.*, 463 F.3d

731, 737 (7th Cir. 2006)). Instead, Miller reiterated her amended complaint and cited Purdue's designated evidence, both of which contravene the explicit requirements of Federal Rule of Civil Procedure 56(c). Miller also has relied on unsupported allegations. The evidence must go beyond the complaint and include depositions, interrogatories, and admissions. **Federal Rule of Civil Procedure 56(c);** *Wasko v. Herman*, 2008 WL 150604, at *2 (N.D. Ind. Jan 14, 2008). Accordingly, Miller has not presented a material dispute of fact that would preclude summary judgment.

Purdue has argued that Miller's retaliation claim fails as a matter of law because she did not experience an adverse employment action. Title VII forbids employers from retaliating against employees who complain about discrimination or other employer conduct that violates Title VII. **42 U.S.C. § 2000(e)-3a**. To establish a retaliation claim, Miller must prove that: (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action taken by the employer; and (3) a causal connection between the two. *Moser v. Ind. Dep't of Corr.*, 406 F.3d 895, 903 (7th Cir. 2005).

Filing a complaint with the EEOC is considered protected activity under Title VII. *Poullard v. McDonald*, 829 F.3d 844, 856 (7th Cir. 2016). An adverse employment action is one that may reasonably dissuade an employee from filing or supporting a charge of discrimination. *Boss v. Castro*, 816 F.3d 910, 918 (7th Cir. 2016). An employee must experience a disruption that is more serious than an annoyance, unfair reprimand, or poor performance review in order to qualify as an adverse employment action under Title VII. *Boss*, 816 F.3d at 918.

Miller engaged in statutorily protected activity when she filed an EEOC charge on June 24, 2018. After filing the EEOC charge, Miller was promoted. Miller has not offered any

evidence that she was harmed by the promotion.  Miller's promotion, which involved no detrimental change in her work conditions, cannot be considered an adverse employment action.  Miller's response brief was silent on this issue.  Thus, she has not established that she suffered an adverse employment action.  As such, Miller's retaliation claim fails as a matter of law.

Based on the foregoing reasons, the Motion for Summary Judgment and Designation of Evidence [DE 45] is **GRANTED**.  This matter is **DISMISSED**.

ENTERED this 16th day of July, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge